IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY GRANT | § | |
| v. | § | CIVIL ACTION NO. 6:11cv372 |
| JOHN WISENER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

The Plaintiff Timothy Grant, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Grant complains of a strip search which took place on July 14, 2009. The Defendants Wisener, Lawson, and Gannon have filed a motion to dismiss for failure to state a claim upon which relief may be granted. The Magistrate Judge issued a Report recommending that Lawson, an assistant regional grievance coordinator, and Gannon, the law library supervisor, be dismissed, but that Wisener's motion to dismiss be denied. Grant filed objections to the Magistrate Judge's Report, taking issue with the recommendation to dismiss Gannon.

Grant's pleadings show that Gannon was present, observing two other officers pat searching all of the inmates leaving the law library. Lt. Taliaferro came in and asked Gannon what the other officers were doing, and Gannon told him. Taliaferro stated that he wanted all of the inmates strip searched in the main hallway in the building. Grant spoke up, saying that this was not TDCJ policy, but Gannon said nothing and allowed the strip search to continue.

1

The Magistrate Judge stated that TDCJ policy provided for random strip searches and so Grant failed to show that Gannon knew or could have known that the search violated Grant's constitutional rights. In addition, the Magistrate Judge stated that Taliaferro outranked Gannon and so Gannon lacked the authority to countermand Taliaferro's orders.

In his objections, Grant says that Gannon was actually a lieutenant as well, but was in civilian clothes because he was law library supervisor. Thus, Grant argues that Taliaferro did not outrank Gannon.

Grant also argues that although TDCJ policy calls for "random" strip searches, the word "random" is not synonymous with "en masse." He says that a strip search of all of the inmates leaving the law library is not "random." Grant quotes the TDCJ policy as saying that strip searches are to be used only when directed by specific post orders, unit department policy, or when a supervisor believes that there is reasonable cause to conduct such a search. He also says that under TDCJ access to court policies, inmates cannot be strip searched as a condition of entering or leaving the law library unless there is reasonable cause to believe that the inmate is in possession of contraband. Grant concedes that Gannon may not have "known" that the search was unlawful, but argues that he should have known, saying that "the unlawfulness of the action was apparent in the light of existing law."

The Fifth Circuit has generally upheld the TDCJ strip search policies. *See, e.g.*, Oliver v. Scott, 276 F.3d 736, 746 (5th Cir. 2002); Barnett v. Collins, 940 F.2d 1530 (5th Cir., July 31, 1991) (referred to in Oliver as "unpublished but precedential"). In Bell v. Wolfish, 441 U.S. 520 (1979), the Metropolitan Correctional Center, a Federal Bureau of Prisons institution in New York City, required all inmates to expose their body cavities for visual inspection as a part of a strip search conducted after every contact visit with a person from outside the institution. The corrections officers testified that visual cavity searches were necessary not only to discover but also to deter the smuggling of weapons, drugs, and other contraband into the institution. In holding this policy proper, the Supreme Court observed as follows:

> A detention facility is a unique place fraught with serious security dangers. Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence. And inmate attempts to secrete these items into the facility by concealing them in body cavities are documented in this record. [citations omitted]
>
> That there has been only one instance where an MCC inmate was discovered attempting to smuggle contraband into the institution on his person may be more a testament to the effectiveness of this search technique as a deterrent than to any lack of interest on the part of inmates to secrete and import such items when the opportunity arises.

Bell, 441 U.S. at 559.

*See also* Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir. 1988) (upholding strip searches carried out every time an inmate entered or left the maximum security section in the prison); Goff v. Nix, 803 F.2d 358, 366 (8th Cir. 1986) (upholding a policy of visual body cavity searches which were done any time that inmates moved outside of their living unit or being taken outside of the confines of the penitentiary).

Consequently, Grant has failed to show that Gannon "knew or should have known" that the strip search carried out was a violation of Grant's constitutional rights, whether or not it may have violated TDCJ rules and regulations. *See* Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim). Thus, he has not shown that Gannon had a constitutional duty to intervene and countermand Taliaferro's orders even if he had the authority to do so, a dubious premise in light of the fact that Taliaferro was a uniformed security officer and Gannon was a plainclothes law library officer. *See* Hicks v. Page, civil action no. H-08-2486. 2010 WL 793864 (S.D.Tex., March 4, 2010), *citing* Randall v. Prince George's County, Maryland, 302 F.3d 188, 203-04 (4th Cir. 2002) (bystander liability requires that officer know that a fellow officer is violating an inmate's constitutional rights, has a reasonable opportunity to prevent harm, and chooses not to act). Grant's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Defendants' motion to dismiss, the Report of the Magistrate Judge, and the Plaintiff's objections

thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 20) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss for failure to state a claim (docket no. 17) is hereby GRANTED as to the Defendants Cheryl Lawson and Dan Gannon, and DENIED as to the Defendant John Wisener. It is further

ORDERED that Cheryl Lawson and Dan Gannon are hereby DISMISSED as parties to this lawsuit and the claims against them are hereby dismissed with prejudice.

**It is SO ORDERED.**

**SIGNED this 30th day of March, 2012.**

*[signature: Michael Schneider]*
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE