IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY GRANT | § | |
| v. | § | CIVIL ACTION NO. 6:11cv372 |
| JOHN WISENER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Timothy Grant, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Grant named John Wisener, Danny Taliaferro, Corbett Randall, Cheryl Lawson, and Dan Gannon, of whom Lawson and Gannon have previously been dismissed.

Grant complains of an incident which took place on July 14, 2009, in which he was required to undergo a strip search upon leaving the law library. The Defendants Wisener and Randall filed a motion to dismiss the claims against them for failure to exhaust administrative remedies. On June 14, 2012, the Magistrate Judge issued a Report recommending that the motion be granted as to the claims against Wisener and denied as to the claims against Randall. Grant has filed objections to the Report, although Wisener and Randall have not objected.

In his objections, Grant says that the Defendants' answer did not raise the issue of exhaustion and therefore waived it, and that his claim that Warden Wisener failed to properly train his subordinates can reasonably be discerned from his grievances. He points out that his grievance refers to "a training exercise gone awry," stating that this provides a basis for a failure to train claim.

1

Grant's objections are without merit. As the Magistrate Judge said, a grievance must provide prison administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the lawsuit. *See* Johnson v. Johnson, 385 F.3d 503, 523 (5th Cir. 2004). Grant's oblique, parenthetical reference to "a training exercise gone awry" does not provide prison administrators with a fair opportunity to address a claim of inadequate training on the part of the warden; indeed; Grant's grievance refers to "security's unwarranted action" as the training exercise which went awry, indicating that the fault lay with Captain Taliaferro, the ranking security officer on the scene, rather than Warden Wisener. Grant has failed to show any basis upon which to reject the Magistrate Judge's Report.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 49) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 39) be and hereby is GRANTED as to the Defendant Warden John Wisener, and DENIED as to the Defendant Corbett Randall. It is further

ORDERED that the claims against Warden Wisener are hereby DISMISSED with prejudice for failure to exhaust administrative remedies. The dismissal of the claims against Warden Wisener shall have no effect upon any of the claims or defendants remaining in the lawsuit.

**It is SO ORDERED.**

**SIGNED this 24th day of July, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE