IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY GRANT | § | |
| v. | § | CIVIL ACTION NO. 6:11cv372 |
| JOHN WISENER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

The Plaintiff Timothy Grant, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Grant sued Warden John Wisener, Captain Danny Taliaferro, Officer Corbett Randall, law library supervisor Dan Gannon, and assistant regional director Cheryl Lawson. Of these, Gannon, Lawson, and Wisener have previously been dismissed from the case; Grant has now filed a motion for reconsideration of the dismissal of Gannon.

Grant complained of an incident which occurred on July 14, 2009. He stated that a canine team came into the law library and conducted a routine search for contraband, finding nothing. About 10 minutes later, a team of about 15 on-the-job trainees came into the law library on a training exercise. At 9:55 a.m., which the end of the scheduled law library period, all of the inmates in the law library, including Grant, were supposed to turn in their books, sign out, and be pat-searched in order to leave. Grant was in line waiting to be pat-searched by the law library staff when Lt. (now Captain) Taliaferro came in. He stopped, looked around, and asked Gannon, the law library supervisor, "what are they doing." Gannon replied that they were pat searching all of the inmates

1

leaving the law library, and Taliaferro said "no, I want them strip searched, have the OTJ's strip search them in the building." Grant told Gannon that this was not TDCJ policy; nonetheless, he went into the main building, where he was strip searched by Officer Randall; Grant says that this was done "as a condition of leaving the law library."

Grant asserted that "bystander liability" rendered Gannon liable for his failure to intercede and protect his constitutional rights from this "obvious violation." The Magistrate Judge determined that Grant failed to meet any of the prerequisites for bystander liability because Grant did not show that Gannon knew or could have known that the search was a violation of Grant's constitutional rights, Gannon lacked authority to countermand an order given by Taliaferro, and Grant failed to show that Gannon acted with deliberate indifference in failing to prevent the search.

Grant filed objections to the Magistrate Judge's Report, arguing that Taliaferro did not outrank Gannon and that Gannon "should have known" that the search was unlawful because "the unlawfulness of the action was apparent in the light of existing law." The Court rejected these objections and granted Gannon's motion to dismiss.

Grant then filed a motion for reconsideration of Gannon's dismissal. In this motion, Grant contended that Taliaferro did not outrank Gannon; however, the Magistrate Judge concluded that Grant failed to show that Gannon, the law library supervisor, had the authority to countermand a security lieutenant's order.

Grant also argued that Gannon should have known that the order was unlawful because in the Ruiz decision, the district court held that strip searches of inmates entering or leaving the law library was "unwarranted harassment." *See* Ruiz v. Estelle, 503 F.Supp. 1265, 1372 (S.D.Tex. 1980). The Magistrate Judge observed that the holding in Ruiz was based on a finding that prison officials were using strip searches specifically to harass inmates for using the law library. In this case, however, the Magistrate Judge stated that Grant offered no basis upon which Gannon should have believed that the same circumstance existed in the present case.

Finally, Grant asserted that bystander liability attaches when "an officer observes or has reason to know that a constitutional violation is being committed by other officers and possesses a realistic opportunity to intervene to prevent the harm from occurring." The Magistrate Judge determined that Grant offered nothing to show that Gannon knew of or should have known of a constitutional violation being committed, nor has he shown that Gannon had a realistic opportunity to prevent the search from occurring. The Magistrate Judge therefore recommended that the morion for reconsideration be denied,

In his objections to the Report, Grant argues that he "has established a prima facie case that meets the essential elements of a cause of action under 42 U.S.C. §1983." He states that Gannon was personally present and "his dereliction of duty underlying Grant's implicit allegation of a duty to act that Grant's [sic] breach of state-law duty to act gave rise to §1983 liability, because Gannon had duty and power under state law to exercise his state authority in controlling events that produced the deprivation of a federally protected right (a real nexus exists between the activity out of which the violations occurred and Gannon's duties and obligations)."

Although the Magistrate Judge stated that Grant had offered nothing to show that Gannon knew or should have known of a constitutional violation, Grant contends that this shows that the dismissal of Gannon was premature; Grant suggests that he needs discovery showing "all personal training of all classes, programs, and instructional materials, access to court department policy and procedures, and the responsibilities and obligations of a person in the position of unit law library supervisor and access to courts representor.")

Although Grant asserts that Gannon knew or should have known that the strip search order was unlawful, he points to no basis upon which this might be so; the Fifth Circuit has routinely upheld the practice of conducting strip searches within the Texas prison system. *See, e.g.*, Samford v. Staples, 249 Fed.Appx. 1001, 2007 WL 4170636 (5th Cir., November 20, 2007) (no state created liberty interest in being free from strip search in a public hallway of the prison); Oliver v. Scott, 276 F.3d 736, 745 (5th Cir. 2002) . The fact that Grant told Gannon that in his opinion, the search

3

violated prison regulations does not give rise to a constitutional obligation for Gannon to stop the search, even assuming that he had the authority to do so. Grant's suggestion that he needs "discovery" of the classroom materials is likewise without merit because the relevant question is whether Gannon knew or should have known of a federal constitutional violation, not a violation of prison rules, and Grant has offered nothing to show that Gannon had or should have had such knowledge. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 88) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for reconsideration of the denial of the Defendant Dan Gannon (docket no. 31) is DENIED.

**It is SO ORDERED.**

**SIGNED this 27th day of February, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE