IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMOTHY GRANT | § | |
| v. | § | CIVIL ACTION NO. 6:11cv372 |
| JOHN WISENER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

The Plaintiff Timothy Grant, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Grant complains of an incident which occurred on July 14, 2009, in which the inmates using the law library at the Coffield Unit were required to submit to a strip search upon leaving. The remaining defendants in the case, Captain Taliaferro and Officer Randall, filed a motion for summary judgment.

On January 29, 2013, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and the lawsuit dismissed. On February 14, 2013, Grant filed a motion for extension of time in which to object to the Magistrate Judge's Report. This motion was granted and Grant was given until March 18, 2013, in which to object.

On March 13, Grant filed a "request for leave of court to consider motion of extension of time as a motion for continuance." That same day, Grant filed a "request for permission to supplement his motion in opposition to the Magistrate Judge's Report and Recommendation." On March 22, 2013, the Court adopted the Magistrate Judge's Report and dismissed the lawsuit. The

1

Court determined that Grant had ample time in which to file objections and reviewed his requests as amounting to objections, concluding that these had no merit.

On April 1, 2013, Grant filed a motion for reconsideration of the order of dismissal. The Magistrate Judge properly reviewed this as a motion to alter or amend the judgment under Rule 59, Fed. R. Civ. P., and determined that Grant failed to show any basis for setting aside the final judgment in the case. In his motion, Grant argued that the Coffield Unit had been placed on an annual unit-wide shakedown, rendering him without access to the law library, and that he has been unable to confer with other inmates because the law library enforces a "no talking" rule. He also complained that an order entered by the Magistrate Judge on February 25, 2013, denying as moot a request for extension of time to respond to the Defendants' motion for summary judgment, was "premature." Grant did not challenge any of the bases upon which summary judgment was granted. The Magistrate Judge determined that Grant's Rule 59 motion did not clearly establish either a manifest error of law or fact or present newly discovered evidence, and recommended that the motion be denied. The Magistrate Judge also recommended that a motion to supplement the motion to alter or amend the judgment be denied.

Grant filed objections to the Magistrate Judge's Report on May 7, 2013. In his objections, Grant states that the Magistrate Judge's order of February 25, 2013 was premature because the Coffield Unit was not on lockdown until March 10. However, this order concerned a previous lockdown, not the one which had not yet occurred.

Next, Grant asserts that the Court erred in construing his pleadings as objections. The Report was entered on January 29, 2013, and final judgment was entered on March 22, 2013. Grant had ample time in which to file objections. He was not denied access to court, as shown by the fact that after the Report was entered, Grant filed a motion for extension of time, objections to a previous Report, a request for copies, a motion for continuance, a motion to supplement his motion in opposition to the Report, a motion for copies of affidavits, and a document of "judicial notice." The pleadings construed as objections contained legal arguments challenging the Report as well as

citations to documents in the record supporting Grant's position. Grant fails to show any error in construing these pleadings as objections to the Report.

Finally, Grant complains that the Magistrate Judge "ruled on motions out of sequence," which caused "arbitrary and capricious findings that resulted in a manifestation of error of fact under Rule 59(e) governing amendment of judgment and abuse of discretion when he denied a proper consideration of granting a timely filed pro se motion for extension of time to object to the Magistrate Judge's Report (styled as a "judicial notice," mailed March 11, 2013) due to extraordinary circumstances." This contention is without merit.

Grant 's contentions fail to show any error in the recommendation that his motion to alter or amend the judgment be denied. Grant has not shown a manifest error of law or fact in the judgment dismissing his lawsuit and does not present newly discovered evidence showing that this judgment was in error. *See* Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003). He has offered no basis upon which to conclude that order granting summary judgment and dismissing the lawsuit should be set aside. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 113) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion to alter or amend the final judgment (docket no. 110) and motion to supplement the motion to alter or amend the final judgment (docket no. 112) are hereby DENIED.

**It is SO ORDERED.**

SIGNED this 23rd day of May, 2013.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE